NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—December, 1886.

MATTER OF FLEMING.

*In the matter of the estate of* HENRY FLEMING, *deceased.*

The discretionary authority, conferred by Code Civ. Pro., § 2672, upon Surrogates, to permit an action to be brought against the temporary administrator of a decedent's estate, should not be exercised where the result might be the infliction of a greater injury than the claimant would suffer by reason of a refusal. Persons interested in the estate should, in general, be allowed the opportunity of resisting claims by the aid of counsel of their own choosing.

PETITION for leave to sue temporary administrator of decedent's estate.

GEO. W. CARR, *for petitioner.*

MARTIN & SMITH, *opposed.*

THE SURROGATE.—The petitioner, Francis A. Fleming, applies under § 2672 of the Code of Civil Procedure, for leave to sue the temporary administrator of this estate. Her application is based upon affidavits alleging that the decedent, at the time of his death, was indebted to the applicant and to the estates whereof she is the representative, in amounts aggregating over $60,000. The discretionary authority

which is here invoked should never, I think, be exercised during the pendency of a probate controversy, where its exercise, at the instance of one of the parties to such controversy, might result in inflicting upon his adversary an injury far greater than he himself would probably suffer if his application were denied.

Now, if this petitioner should be delayed in the prosecution of an action to recover her claim until the termination of the pending probate proceeding, it is unlikely, under the circumstances disclosed by the papers before me, that, however that proceeding may terminate, her interests or the interests of the estates whereof she is the representative can be seriously prejudiced; I can readily see, on the other hand, how the persons named as beneficiaries in the alleged will may, in case that instrument shall be accorded probate, suffer irreparable injury by the success of the petitioner's motion.

She is one of the contestants in the probate controversy. The entire assets of this estate will be inadequate to satisfy her claim if it shall be finally established, and it seems but just that the proponent and legatees should have the opportunity to resist it with the aid of counsel of their own choosing and in an action the defence of which will be under their own control.

Application denied.